UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-6004-MJ-STRAUSS

UNITED STATES OF AMERICA

vs.

ALFRED LYNTON LAING and
RUNO TRAVEENO LAING,

    Defendants.
_____/

FILED BY ___AT___ D.C.
Jan 6, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? __ Yes  X  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? __ Yes  X  No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __ Yes  X  No

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __ Yes  X  No

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:    /s/ *Nardia Haye*_____
    Nardia Haye
    Assistant United States Attorney
    U.S. Attorney's Office – SDFL
    Court ID No. A5502738
    99 NE 4th Street, 7th Floor
    Miami, Florida 33132
    Tel: (305) 961-9326
    Email: Nardia.Haye@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Alfred Lynton Laing and<br>Runo Traveeno Laing,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 25-6004-MJ-STRAUSS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 5, 2025__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute a controlled substance |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Pete Rojas, DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __FaceTime__

Date: __January 6, 2025__

_____
*Judge's signature*

City and state: __Fort Lauderdale, Florida__    Honorable Jared M. Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Pete Rojas, being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") in the Miami Field Division, and have been since June 2016. I am a duly and lawfully appointed detective of the North Miami Beach Police Department and have been for approximately 15 years. I have approximately 28 years' experience investigating narcotics and money laundering cases. I have also taken state and federal investigation courses. Additionally, as a TFO with the DEA, I have been trained in the identification, investigation, and the prosecution of individuals involved in drug trafficking and the laundering of illegal drug trafficking proceeds. I have also obtained significant expertise in this area by working in the field with individuals skilled in the area of drug trafficking and money laundering investigations. I am a DEA deputized law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

2. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause that on or about January 5, 2025, Alfred Lynton Laing ("A. Laing") and Runo Traveeno Laing ("R. Laing") (collectively, "the defendants") did knowingly and willfully combine, conspire, confederate, and agree with other persons to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; and did, in fact, possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me or other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observation, as well as information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## PROBABLE CAUSE

4. On or about January 5, 2025, at approximately 12:00 p.m., U.S. Customs and Border Protection ("CBP") officers notified Drug Enforcement Administration ("DEA") agents that they stopped a vessel with two Bahamian nationals onboard, later identified as the defendants, and approximately 188 kilograms of cocaine.

5. CBP officers from the Fort Lauderdale Marine Unit were notified via RADAR of a vessel leaving Freeport, Bahamas enroute to the Port Everglades Inlet. CBP officers launched a marked CBP Coastal Interceptor Vessel from Lighthouse Point, Florida. Through constant position, course, and speed updates from the RADAR system, CBP officers intercepted the vessel at approximately 4 nautical miles ("nm") south and 3 nm east of Lighthouse Point Inlet, in U.S. territorial waters.

6. The vessel was a 32-foot-long Contender Center Console manufactured in 2001 with the words "The Salesman's Ship" written on the side. CBP officers boarded the vessel pursuant to their border search authority. The vessel was occupied by the defendants, and registered to another individual.

7. Immediately upon boarding the vessel, officers smelled caulk[1] and fresh paint. Officers also immediately noticed that part of the vessel floor, where the fuel tank is usually located, was altered or cut in a rectangular shape. This newer, rectangular-shaped flooring on an older model vessel appeared to be a different color from the rest of the floor. In addition, officers observed that the usual access points to the vessel floor that are typically present were not there. Officers further observed power tools in plain view on the vessel.

8. Accordingly, officers detained the defendants in handcuffs and drove the vessel to the Fort Lauderdale Marine Unit dock for further inspection. When the defendants were handcuffed, officers noticed that the defendants just put their heads down, and did not inquire about what was happening or ask the officers any questions.

9. At the dock, the defendants were taken off the vessel and placed separately within view of the vessel. A K-9 officer responded to the vessel along with his narcotics trained K-9. The K-9 alerted to the discolored, rectangular flooring on the vessel, indicating the presence of narcotics. CBP officers used tools, such as crow bars and screw drivers to gain access to the area. To assist, one of the officers left the vessel and grabbed a sledgehammer. When the officer walked by R. Laing with the sledgehammer, R. Laing blurted, "oh, man."

10. When officers opened the rectangular area, they discovered that the fuel tank was broken into pieces and inoperable, and the space was filled with approximately 188 kilograms of individually wrapped bricks of cocaine. The vessel had a secondary fuel tank in another location.

11. Agents later conducted a field test of one of the bricks, which tested positive for the presence of cocaine.

---

[1] Caulk is a material used to seal joints or seams against leakage in various structures and piping.

12. Post-*Miranda*, A. Laing provided law enforcement with the name of the owner of the vessel. He admitted that a week ago he picked up approximately 188 kilograms of cocaine from unknown persons wearing ski masks near Freeport, Bahamas and was instructed to deliver the cocaine to an unknown person only known to him as "Hoy" in Fort Lauderdale, Florida. A. Laing expounded that once he arrived in Fort Lauderdale, he was supposed to text a number belonging to Hoy to meet and transfer the cocaine. A. Laing continued that A. Laing was supposed to pick up a sprinter van, drive it to an Airbnb where he would load it with the cocaine, and then drop off the van to Hoy. A. Laing stated that this was his first time doing this and that he rented the Airbnb in Fort Lauderdale where he and R. Laing, his cousin, were supposed to stay for a few days. A. Laing then stated that R. Laing or his "guy" rented the Airbnb.[2] A. Laing also stated that R. Laing had nothing to do with the cocaine onboard the vessel.

13. Post-*Miranda*, R. Laing gave law enforcement the name of the owner of the vessel, but denied that he had knowledge of the cocaine on the vessel. He stated that he came on the trip to go shopping and to help A. Laing, his cousin, get the boat serviced.

14. Officers found a total of six cellphones and two laptop computers on board the vessel. A. Laing claimed ownership of three of the phones, and R. Laing claimed ownership of the other three phones and the two laptops. Both A. Laing and R. Laing gave law enforcement written consent to search their phones and provided the passcodes for each of their phones.

---

[2] In or around June 2024, DEA agents arrested an individual after a traffic stop revealed approximately 10 kilograms of cocaine and over $200,000 in the trunk of his vehicle. *See* U.S. v. Jeancarlos Rafael Fermin, 24-CR-60111-Damian. During a review of a forensic extraction of the individual's cellphone, agents found messages with the address of the same Airbnb that A. Laing stated he rented in this case, as well as messages about picking up a van. Further, agents conducted surveillance in Fort Lauderdale in or around August 2024 and observed A. Laing and R. Laing at a Home Depot. They later observed R. Laing place a drill in a van, which was consistent with a drill found onboard the vessel CBP interdicted in this case.

4

15. During an initial review of one of A. Laing's phones, agents observed a photograph of a boat containing several large bales that I know from my training and experience, drug traffickers often use to transport cocaine.

16. During an initial review of one of R. Laing's phones, agents found a photograph of what appeared to be a brick of cocaine dated December 14, 2024. They also observed a photograph from the summer of 2024, of a dollar bill that I know based on my training and experience is known as a "token," which is often exchanged during money laundering transactions to confirm receipt or delivery of the money to the correct individual. Individuals involved in the money exchange often take pictures of the tokens as proof of the exchange. The token in R. Laing's phone had a three-digit number written on it, which is typically written during the money exchange to confirm how much money is supposed to be delivered. The token also had a signature on it that was consistent with R. Laing's signature on the consent form to search his phones.

[This Space Intentionally Left Blank]

## CONCLUSION

17. Based on the forgoing, I respectfully submit that there is probable cause to support a criminal complaint against Alfred Lynton Liang and Runo Traveeno Liang for violations of Title 21, United States Code, Sections 846 and 841(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Pete Rojas, Task Force Officer
Drug Enforcement Administration

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by:

FaceTime
(specify reliable electronic means).

This __6th__ day of January, 2025.

HONORABLE JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-6004-MJ-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: ALFRED LYNTON LAING

PRE-TRIAL DETENTION

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Nardia Haye*
AUSA:

Last Known Address: Freeport, Bahamas

What Facility: _____

Agent(s): Pete Rojas
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-6004-MJ-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: RUNO TRAVEENO LAING

PRE-TRIAL DETENTION
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Nardia Haye*
AUSA:

Last Known Address: Freeport, Bahamas

What Facility:

Agent(s): Pete Rojas
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA